UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER B LOONEY,<br><br>                  Petitioner,<br><br>   v.<br><br>MAGGIE MILLER-STOUT.<br><br>                  Respondent. | CASE NO. C09-5238 RBL-JRC<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL AND AN EVIDENTIARY HEARING |

    The District Court referred this petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 to United States Magistrate Judge J. Richard Creatura. The referral is made pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

    Petitioner filed a motion for an evidentiary hearing after he had filed a reply to respondent's answer (Dkt. 51). Petitioner included a motion for appointment of counsel in his motion for an evidentiary hearing (*id.*). The Court denies petitioner's motions.

A.     Evidentiary hearing.

Evidentiary hearings are not usually necessary in a habeas case. According to 28 U.S.C. §2254(e)(2), a hearing will only occur if a habeas applicant has failed to develop the factual basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2).

Here, the record has been fully developed in state court. Petitioner waived any argument he had regarding failure to provide discovery by knowingly going forward with his guilty plea after counsel asked if he wanted a one week extension of time so that they could obtain two missing pages of transcripts (Dkt. 42, Exhibit 7, p. 3, Washington State Court of Appeals decision on direct review); (Dkt. 42, Exhibit 9, Attachment 9, Findings of Fact 21-23, Washington State Superior Court's findings of fact on defendant's motion to withdraw his guilty plea); (Dkt. 42, Exhibit 11, pp. 2-3, Washington State Court of Appeals decision dismissing petitioner's first personal restraint petition). Petitioner knew the factual predicate for this claim prior to entering his guilty plea. Further, petitioner fails to show that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error no reasonable fact finder would have found the applicant guilty of the underlying offense. Accordingly, the Court denies Petitioner's motion for an evidentiary hearing.

//

B.    Appointment of counsel.

There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required, because the action is civil, not criminal, in nature. *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1991) (*citing McCleskey v. Zant*, 499 U.S. 467, 495 (1991)); *see Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998) ("There is simply no constitutional right to an attorney in a state post-conviction proceeding."); *see also Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988).

Petitioner fails to show an evidentiary hearing is appropriate in this case. Accordingly, The Court denies petitioner's motion for appointment of counsel.

Dated this 25th day of February, 2015.

J. Richard Creatura
United States Magistrate Judge

ORDER DENYING PETITIONER'S MOTION FOR
APPOINTMENT OF COUNSEL AND AN
EVIDENTIARY HEARING - 3